Filed 3/28/23  P. v. Grantham CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B320128 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA105795) |
| v. | |
| TONY SCOTT GRANTHAM, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Kathryn A. Solorzano, Judge.  Affirmed.

Rachel Lederman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In March 2022, defendant and appellant Tony Scott Grantham pled no contest to one count of first degree burglary (Pen. Code, § 459), one misdemeanor count of receiving stolen property not exceeding $950 in value (§ 496, subd. (a)) and one misdemeanor count of possession of personal identification information with intent to defraud (§ 530.5, subd. (c)(1)). Defendant also admitted someone was present in the residence during the commission of the burglary (§ 667.5, subd. (c)(21)). Defendant waived his rights. Counsel joined in the waivers and stipulated to a factual basis for the plea. The court found defendant's waivers to be knowingly and voluntarily made, accepted defendant's plea and found him guilty of all three counts.

The court struck defendant's strikes based on their age and because defendant did not physically confront the homeowner or engage in violence. In accordance with the plea agreement, the court imposed the high term of six years on count 1 and imposed concurrent one-year sentences on each of counts 2 and 3. The court awarded defendant 99 days of presentence custody credits (86 actual and 13 conduct). The court imposed a $300 restitution fine, and imposed and stayed a $300 parole revocation fine on count 1. The court imposed court operations and criminal convictions assessments on each count in accordance with Penal Code section 1465.8 and Government Code section 70373.

In a subsequent hearing, the court granted defendant's request for a return of his wallet and its contents taken by law enforcement at the time of his arrest.

Defendant filed a notice of appeal and request for a certificate of probable cause which was denied. Defendant then

filed a notice of appeal challenging only the sentence imposed or postplea matters.

We appointed appellate counsel to represent defendant. Defendant's appointed counsel, Rachel Lederman, filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The *Wende* brief included a declaration from Ms. Lederman in which she explains that she forwarded the brief and the record to defendant, advised him of his right to file a supplemental brief and his right to discharge her as his attorney. Ms. Lederman also stated her availability to brief, upon request, any issues we may have following our independent review of the case. Ms. Lederman also filed a motion to augment in this court to ensure that a copy of the probation report was made a part of the record. We granted the motion to augment.

Defendant did not file a supplemental brief.

We have examined the entire record of proceedings submitted to this court and are satisfied that appointed counsel fully complied with her responsibilities. We find no arguable appellate issues. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende, supra,* 25 Cal.3d 436.)

## DISPOSITION

The judgment of conviction is affirmed.


GRIMES, J.

WE CONCUR:


STRATTON, P. J.       VIRAMONTES, J.

3